**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aero Med, Inc., dba Aerocare, Inc., an Oklahoma corporation,<br><br>Plaintiff,<br><br>vs.<br><br>White Mountain Communities Hospital, Inc. dba White Mountain Regional Medical Center, an Arizona corporation,<br><br>Defendant. | No. CV-11-8031-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a motion for summary judgment filed by Defendant White Mountain Regional Medical Center ("WMRMC"). (Doc. 57.) For the reasons stated below, the Court denies Defendant's motion.[1]

---

[1] WMRMC has also filed a motion to strike the FlightAware report offered by Aerocare (Doc. 72) and a motion to refile the motion to strike as a supplemental motion for summary judgment, or, in the alternative, a motion in limine (Doc. 75). In response, Aerocare has filed a motion for sanctions against WMRMC pursuant to FED. R. CIV. P. 11. (Doc. 76.)

WMRMC's motion to strike is prohibited by Local Rule 7.2, which requires objections to the admissibility of evidence to be presented in the objecting party's responsive or reply memorandum rather than in a separate filing. LRCiv 7.2(m). WMRMC's motions to strike and to refile as a motion in limine are therefore denied. Furthermore, the scheduling order in this case prohibits parties from filing more than one motion for summary judgment. (Doc. 15 at 4.) Therefore, WMRMC's motion to refile as a supplemental motion for summary judgment is denied.

The Court does not find that WMRMC's filings are presented for an improper purpose or that they are based on such frivolous arguments as to warrant sanctions pursuant to Rule 11. Aerocare's motion for sanctions is therefore denied.

**BACKGROUND**

Defendant WMRMC operates a hospital in Springerville, Arizona, providing acute and emergency medical care to the residents of Springerville and the surrounding community. (Doc. 1 at 1.) Plaintiff Aero Med, Inc., dba Aerocare ("Aerocare"), provides emergency aircraft or air ambulance services in several regions in Arizona, including Springerville. (*Id.*) Aerocare is accredited to provide air ambulance services in the state in accordance with A.R.S. § 36-2201. (Doc. 58, Ex. B at 1.)

On February 18, 2009, WMRMC entered into an Air Ambulance Availability Agreement ("AAAA") with Aerocare in which WMRMC agreed to call Aerocare for any patients requiring air ambulance services before calling any other air ambulance provider. (Doc. 58, Ex. B at 1.) In exchange, Aerocare agreed to establish and maintain an air ambulance base in Springerville and promised to use commercially reasonable efforts to respond to calls from WMRMC within twenty minutes, if the ambulance was to be provided from Aerocare's Springerville base, or fifty-five minutes, if the ambulance was to be provided from another Aerocare base. (*Id.*) The AAAA allowed WMRMC to contact another air ambulance provider if an Aerocare ambulance was unavailable or if the critical condition of a patient would be jeopardized by the wait time for an Aerocare ambulance. (*Id.*) The agreement was terminable by either party upon thirty days written notice. (*Id.* at 2.) On May 17, 2010, the CEO of WMRMC sent a letter to Aerocare indicating WMRMC's intent to terminate the AAAA within thirty days of receipt. (Doc.

58, Ex. G at 1.)[2]

The AAAA also provided for monthly meetings between WMRMC and Aerocare to ensure WMRMC's compliance with its terms. (Doc. 58, Ex. B at 2.) Neither party contends that the meetings occurred as frequently as required by the AAAA, though the parties disagree as to whether any meetings occurred at all. (Doc. 57 at 9–10; Doc. 62 at 11.)

Aerocare alleges that WMRMC breached the AAAA by failing to first call Aerocare for its air ambulance needs on sixty-four occasions between February 18, 2009 and June 20, 2010. (Doc. 62 at 3.) Aerocare bases this allegation on data collected by a program called FlightAware, which compiles flight information from the Federal Aviation Administration and provides it to subscribers. (*Id.* at 8.) Aerocare claims that comparing FlightAware's data to WMRMC's flight logs shows that a number of flights departed from WMRMC for which Aerocare was not first alerted. (*Id.* at 8–9.)

WMRMC does not dispute Aerocare's allegation outright, but contends that it is entitled to summary judgment because Aerocare's evidence is speculative and fails to show that any breach in fact occurred. (Doc. 57 at 10–11.) In addition, WMRMC contends that the AAAA is unenforceable for lack of consideration, (*id.* at 5–8), that Aerocare is unable to prove damages, (*id.* at 10–11), and that Aerocare is barred from

---

[2] The CEO of WMRMC also sent an email on April 20, 2009, indicating his intent to terminate the AAAA. (Doc. 58, Ex. F at 2.) Aerocare disputes that this email constitutes "written notice" as required for termination in the agreement. (Doc. 62 at 4). It appears to the Court that the AAAA was not terminated in accordance with its terms until May 2010. Any remaining issue regarding the length of the agreement and damages stemming therefrom is a question of fact inappropriate for resolution at summary judgment, for reasons discussed below in Part II.C.

recovery because it failed to mitigate damages from the alleged breach, (*id.* at 11–12).

## DISCUSSION

### I.     Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion," including identifying portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has detailed the basis for its motion, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine

factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.*'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250; emphasis in original). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II.   Analysis

WMRMC premises its motion for summary judgment on four arguments: (a) the AAAA is unenforceable for lack of consideration because Aerocare's obligation under it was (1) not a bargained-for exchange, (2) illusory, and (3) a pre-existing legal duty; (b) Aerocare has no claim because it fails to present any evidence of breach; (c) Aerocare has no evidence of damages; and (d) Aerocare cannot recover because it failed to mitigate damages.

### A.   There is a Genuine Issue of Material Fact as to Whether the AAAA Set Out Sufficient Consideration to Constitute an Enforceable Contract.

Contracts must be supported by consideration, and under Arizona law, every contract in writing imports a consideration. A.R.S. § 44-121 (2012). "Consideration is defined as bargained for exchange whereby the promisors receive some benefit or the promisee suffers a detriment." *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 943 (D. Ariz. 2011) (quoting *Schade v. Diethrich,* 158 Ariz. 1, 8, 760 P.2d 1050, 1057 (1988)). Consideration is "bargained for if sought or given in exchange for the promise of the other party." *Id.* Courts construe the definition consideration broadly and

"do not ordinarily inquire into the adequacy of consideration." *Carroll v. Lee*, 148 Ariz. 10, 13, 712 P.2d 923, 926 (1986).

However, there are exceptions in which a bargained-for promise will not constitute consideration. A promise or performance is illusory and insufficient to support a contract if one party may withdraw at its pleasure or if its performance is subject to a condition entirely within its own control. *Id.* at 13; *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 701 (9th Cir. 1997). Such illusory contracts are unenforceable for lack of mutuality. *Horizon Corp. v. Westcor, Inc.*, 142 Ariz. 129, 133, 688 P.2d 1021, 1025 (Ct. App. 1984) (citing *Shattuck v. Precision Toyota, Inc.*, 115 Ariz. 586, 566 P.2d 1332 (1977)). In addition, a contract "lacks consideration if the promisee is under a pre-existing duty to counter-perform." *Leone v. Precision Plumbing & Heating of S. Ariz., Inc.*, 121 Ariz. 514, 515–16, 591 P.2d 1002, 1003–04 (Ct. App. 1979). However, this is a narrow exception, and does not apply "if the promisee undertakes any obligation not required by the pre-existing duty, even if the new obligation involves almost the same performance as the pre-existing duty." *Id.*  It is also inapplicable if the pre-existing duty is owed to someone other than the promisor. *USLife Title Co. of Ariz. v. Gutkin*, 152 Ariz. 349, 356, 732 P.2d 579, 586 (Ct. App. 1986).

    **1.**    **A Fact Issue Exists as to Whether Aerocare's Establishment and Maintenance of a Base in Springerville was Bargained for in Exchange for WMRMC's First-Call Promise.**

To be adequate to support a contract, consideration must be bargained for. *Coup*, 823 F. Supp. 2d at 943. "The parties must understand and be influenced to the particular action by something of value that is recognized by all parties as the moving cause." *Id.*

(internal quotation marks omitted).

In its motion for summary judgment, WMRMC contends that the consideration provided by Aerocare as set out in the AAAA (namely, that Aerocare would establish and operate an air ambulance base out of Springerville) was not performed as part of a bargained-for exchange, as it was actually performed before the AAAA was entered into and thus Aerocare had already established a base prior to the execution of the AAAA. (Doc. 57 at 5–6.) WMRMC points to the establishment of Aerocare's Springerville base in 2007 (Doc. 58, Ex. D at 1), the date on the AAAA of February 2009 (Doc. 58, Ex. B at 2), and the testimony of Newman, Aerocare's CEO, that he could not remember any negotiations prior to the signing of the AAAA (Doc. 58, Ex. C at 19:21–25, 20: 1–5).

In response, Aerocare proffers an email from Newman, to Zimmerman, the CEO of WMRMC, dated a week before the signing of the AAAA. (Doc. 62 at 5.) In the email, Newman stated that Aerocare's Springerville base was temporarily closed and might not reopen without WMRMC's indication that it could provide more business for Aerocare. (Doc. 63, Ex. 9 at 1.) Aerocare contends that, though the Springerville base was established by the time the AAAA was signed, Aerocare's re-commitment of an air ambulance and flight crew in Springerville was made in anticipation of and in exchange for WMRMC's first-call promise. (Doc. 62 at 5.) In addition, Aerocare asserts that its continued operation of the Springerville base, including leasing the air ambulance and quarters for its flight crew (Doc. 63, Ex. 5 at 7:3–10; Ex. 1 at 34:2–16), was bargained-for performance in exchange for WMRMC's promise. (Doc. 62 at 5.)

WMRMC also asserts that Aerocare suffered no "legal detriment" as set out in the

- 7 -

definition of consideration because Aerocare hired no new staff and because the staff were compensated by Flight Concepts, Aerocare's sister company, instead of Aerocare itself. (Doc. 57 at 6.) Nevertheless, consideration can be offered in exchange for either a legal detriment to the promisor or a benefit to the promisee. *Coup*, 823 F. Supp. at 943. WMRMC has not demonstrated that no benefit accrued to it from Aerocare's actions, and as such its argument is incomplete. In any event, Aerocare has pointed to evidence in the record that it did suffer legal detriment by committing crew, housing, and transportation expenses to operate the Springerville base. (Doc. 63, Ex. 1 at 40:23–41:7.)

Based on the record, a jury could reasonably find that Aerocare's actions regarding the Springerville base were influenced by negotiations with WMRMC and that WMRMC's first-call promise was the moving cause. A genuine issue of material fact exists as to whether these actions were adequate consideration to support the enforceability of the AAAA. WMRMC's motion for summary judgment on this ground is therefore denied.

**2.     Aerocare's and WMRMC's Mutual Promises Were Not Illusory.**

An illusory promise is one in which performance is entirely optional at the determination of the promisor. *Carroll*, 148 Ariz. at 13, 712 P.2d at 926. As such, a promise is not illusory merely because it is subject to conditions outside of the parties' control. Nor is a promise illusory because it is premised on the good-faith action of the promisor. *Horizon Corp. v. Westcor, Inc.*, 142 Ariz. 129, 133, 688 P.2d 1021, 1025 (Ct. App. 1984).

/ / /

WMRMC argues that Aerocare's promise to use commercially reasonable efforts to respond to WMRMC's calls within twenty or fifty-five minutes was illusory. (Doc. 57 at 7.) The assertion is apparently based on the fact that Aerocare's promise to respond to WMRMC's calls was subject to a standard of commercial reasonableness instead of being unconditional. This assertion is not supported by the law. Arizona law implies a covenant of good faith and fair dealing in every contract. *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (Ariz. 1986). Thus, Aerocare was obligated to exercise good faith in using its best efforts to respond to WMRMC's calls within the time specified, and was prohibited from acting to impair WMRMC's benefits flowing from the AAAA. *See id.* Aerocare was not permitted under the contract to refuse to perform at its own discretion. Therefore, Aerocare's promise to respond to WMRMC's calls was not illusory.

WMRMC also contends that its own promises to call Aerocare first and to use Aerocare's ambulance services when feasible were illusory. (Doc. 57 at 8.) WMRMC points to "many legitimate reasons . . . why WMRMC simply could/would not call Aerocare first," including that Aerocare was not accredited to transport some patients, that patients could choose other ambulance providers, and that Aerocare's response time was sometimes inadequate. (*Id.*) These points do not establish that WMRMC's obligations under the AAAA were illusory. They show only that WMRMC might have excuses for failing to perform under the AAAA, not that the agreement to call Aerocare

first was entirely optional at WMRMC's determination.[3]

Because the law does not support WMRMC's assertion that the promises in the AAAA were illusory, the motion for summary judgment on this ground is denied.

### 3. Aerocare was not under a Pre-existing Legal Duty to Provide Ambulance Services to WMRMC.

A promise is insufficient consideration to support a contract if the promisor is already under a pre-existing legal duty to perform. *Leone*, 121 Ariz. at 515–16. WMRMC contends that Arizona laws and regulations for air ambulance providers already imposed on Aerocare a duty to "timely and promptly respond to all emergencies in the area." (Doc. 57 at 7.) However, WMRMC has not directed the Court's attention to, and the Court's own examination of Arizona laws and regulations has not revealed, any provision that imposes such a duty on air ambulance providers.[4] As such, there is no support for WMRMC's assertion that Aerocare was under a pre-existing legal duty to respond to WMRMC's calls. Even if such a legal obligation existed, it would be owed to the state licensing authority for air ambulances rather than to WMRMC. Thus, the pre-existing duty exception to adequate consideration would be inapplicable here. *See USLife*, 152 Ariz. at 356 (stating that the pre-existing duty exception does not apply where the promisor's duty to perform is owed to someone other than the promisee). WMRMC's

---

[3] WMRMC also appears to argue that its promise to call and use Aerocare was illusory because it would be illegal under the Stark Anti-Referral Law. Aside from the fact that illegality does not render consideration illusory, the Stark Anti-Referral Law prohibits physicians from referring patients to entities in which the physician has a financial interest. 42 U.S.C. § 1395nn(a) (2012). It is inapplicable here because WMRMC is not a physician and because WMRMC has no financial interest in Aerocare.

[4] A.A.C. R-9-25-710 (2012) sets out the minimum standards for operations for air ambulance services. Nothing in the statute requires an air ambulance service to respond to every emergency in its area.

- 10 -

motion for summary judgment on this ground is denied.

### B. A Genuine Issue of Material Fact Exists as to Whether a Breach of the AAAA Occurred.

WMRMC contends that it is entitled to summary judgment because Aerocare's evidence of WMRMC's breach is so speculative as to be nonexistent. (Doc. 57 at 8–9.) WMRMC does not appear to contend that there is no evidence of breach in the record, but rather that the evidence is unreliable and inaccurate. (*Id.* at 9.) Issues regarding the credibility and weight of the evidence, as well as permissible inferences to be drawn therefrom, are issues to be determined by the finder of fact and are not appropriate for resolution at summary judgment. *Sluimer v. Verity, Inc.*, 606 F. 3d 584, 587 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). Aerocare points to several documents in the record purportedly showing WMRMC's breach of the AAAA, including FlightAware logs showing flights out of Springerville, (Doc. 62, Ex. 10 at 2–6), that correspond to WMRMC's own flight logs, (Doc. 62, Ex. 11 at 1–47). WMRMC has not demonstrated an absence of genuine issue of material fact regarding its alleged breach of the AAAA. Its motion for summary judgment on this ground is therefore denied.

### C. A Genuine Issue of Material Fact Exists as to Aerocare's Damages from the Breach of the AAAA.

Summary judgment is appropriate on the issue of damages if the evidence presented is such that the jury would be left to "speculation or guesswork in determining the amount of damages to award." *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001). If the parties have "no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages," summary

- 11 -

judgment may be granted. *Id.* Summary judgment has been granted on the issue of damages where, for example, the only evidence was found in studies excluded by the trial court. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 808 (9th Cir. 1988).

WMRMC contends that that the damages estimated by Aerocare are speculative because the damages are calculated by dividing the average yearly flight revenue by number of flights, and therefore fail to account for the variability of collection and billing rates for air ambulance services in general. (Doc. 57 at 10–11.) Nevertheless, Aerocare has submitted an estimate of its damages as calculated by its CFO, (Doc. 63, Ex. 8 at 6), and the concrete number provided prevents a jury from having to resort to "speculation or guesswork" in determining the amount of damages to award. WMRMC appears to contest the reliability of the method of calculation, but such determinations are to be made by the finder of fact and are not appropriate for summary judgment. *Sluimer*, 606 F. 3d at 587. WMRMC's motion for summary judgment on this ground is therefore denied.

> **D.    A Genuine Issue of Material Fact Exists as to Whether Aerocare Mitigated Damages.**

"A party's failure to mitigate damages may be invoked to negate and reduce damages 'where the party by its own voluntary activity has unreasonably exposed itself to damage or increased its injury.'" *Hull v. DaimlerChrysler Corp.*, 209 Ariz. 256, 259, 99 P.3d 1026, 1029 (Ct. App. 2004) (quoting *SDR Assocs. v. ARG Enters., Inc.*, 170 Ariz. 1, 4 n. 2, 821 P.2d 268, 271 n. 2 (Ct. App. 1991)). This doctrine, also known as the doctrine of avoidable consequences, precludes a plaintiff from recovering any losses it could have avoided by taking reasonable actions. *Barnes v. Lopez*, 25 Ariz. App. 477,

481, 544 P.2d 694, 698 (Ct. App. 1976). The party asserting this doctrine bears "the burden of proving that mitigation was probable." *Id.* For example, a party may not take advantage of the doctrine by merely asserting that the plaintiff should have taken reasonable steps that might have reduced its damages; the party must also present evidence that those steps would have been likely to actually reduce damages. *See id.* (denying a defense based on plaintiff's failure to obtain rezoning where there was no evidence that the application for rezoning would have been granted).

WMRMC asserts that it is entitled to summary judgment because Aerocare failed to notify WMRMC of its alleged breaches of the agreement as soon as Aerocare became aware that they may be occurring. However, WMRMC fails to cite to any portion of the record as required by FED. R. CIV. P. 56(c)(1) in making this assertion. In addition, WMRMC has failed to establish that a reasonable jury would have to determine that Aerocare should have provided WMRMC with advanced notice of its breaches prior to filing suit. Nor has WMRMC presented any evidence to show that, had Aerocare notified WMRMC of the alleged breaches, WMRMC would have taken steps to cure and thus reduce Aerocare's damages. As such, WMRMC has not met its burden of showing that there is no genuine issue of material fact with regard to Aerocare's mitigation or failure to mitigate damages.

## CONCLUSION

In light of the above, Defendant WMRMC's summary judgment motion will be denied. WMRMC has not made a showing that there is no genuine issue of material fact with regard to consideration, breach, or damages.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Doc. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike (Doc. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to refile motion to strike as supplemental motion for summary judgment, or, in the alternative, motion in limine (Doc. 75) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions is **DENIED**.

Dated this 17th day of September, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge